IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3024-S-BN |
| | § | |
| REHAB PRO LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Amanda Hall filed a *pro se* complaint explicitly asserting a single cause of action – that she was terminated for being a whistleblower – but which may also include employment discrimination assertions. *See* Dkt. No. 3. Her case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. Through a separate order, the Court will grant Hall leave to proceed *in forma pauperis* ("IFP"). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny any request for a preliminary injunction Hall may make and dismiss her complaint without prejudice to Hall's filing within a reasonable period of time to be set by the Court an amended complaint that cures, if and where possible, the deficiencies outlined below.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137,

2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Hall explicitly alleges that "Defendant Rehab Pro wrongfully discharged [her after she] report[ed] complaints in good faith" and asserts that this discharge was "for reasons that violate 'public policy'"; "caused retaliation violating [her] right of Free speech in the workplace by responding to the supervisor"; and, as a result, that she "became an whistleblowing employee in good faith working for a public sector." Dkt. No. 3, ¶ 5.1; *see also id.* at 32 (indicating that this a qui tam action under 31 U.S.C. § 3729(a)).

Hall does not explicitly allege a violation of employment discrimination laws, such as Title VII of the Civil Rights Act of 1964, but she does include conclusory allegations that, considering her *pro se* status, could be construed to bring employment discrimination claims. *See, e.g., id.*, ¶ 4.12 ("I observed that I was also discriminated against for also being an African American female and an action was taken on me with corrective action and termination but actions were not taken the same with other females of other ethnicities and males."). And she attaches to her complaint a right-to-sue letter issued by the Equal Employment Opportunity Commission on September 22, 2020. *See id.* at 19.

While Hall may base her whistleblower claims on allegations regarding her employer's provision of personal protective equipment, provided in response to the COVID-19 pandemic, she cites neither federal nor state whistleblower protection laws. And she has failed to allege a plausible claim under either.

First, as to her nod to Section 3729(a), the federal False Claims Act "prohibits making fraudulent claims for payment to the United States. 31 U.S.C. § 3729(a). To enforce this prohibition, the FCA creates a cause of action for any person retaliated against by his employer for attempting to prevent an FCA violation. 31 U.S.C. § 3730(h)." *Riddle v. Dyncorp Int'l Inc.*, 666 F.3d 940, 941 (5th Cir. 2012). But Hall alleges no facts that could support an FCA violation.

Second, to the extent that Hall brings a claim under the federal Whistleblowers Protection Act, the "WPA protects federal employees from certain adverse employment actions taken because the employee reported or made disclosures of

wrongdoing by his employer." *Kurth v. Gonzales*, 469 F. Supp. 2d 415, 421-22 (E.D. Tex. 2006) (citing 5 U.S.C. § 2302(b)). But Hall does not allege that she was a federal employee, which is fatal to any WPA claim. *See, e.g.*, *Stern v. Epps*, 464 F. App'x 388, 392 (5th Cir. 2012) (per curiam) ("The court properly denied the claim because Stern was not an employee of the federal government covered by the WPA." (citing 5 U.S.C. §§ 2105, 2302(b)(8))).

Nor would Hall's factual allegations support a claim under the Texas Whistleblower Act, which "protects employees of public employers in Texas by making governmental entities liable for damages if they discriminate against an employee who in good faith reports a violation of law to an appropriate law enforcement authority." *Lewis v. DBI Servs.*, SA-19-CV-00662-DAE, 2019 WL 3220006, at *2 (W.D. Tex. July 17, 2019) (citing TEX. GOV'T CODE ANN. §§ 554.002-.003; *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000)).

Next, if Hall intends to allege a claim of ether employment discrimination or retaliation, she has thus far failed to allege enough facts to support a plausible claim of discrimination or retaliation under Title VII.

The prima facie elements of a claim of employment discrimination are that Hall

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)). Relatedly, "[i]n the retaliation context,

a *prima facie* case requires a showing that (1) [Hall] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

While internal complaints may constitute a protected activity for purposes of alleging a retaliation claim, such complaints must at least reference unlawful discrimination. *See Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *see also Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *cf. Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." (collecting cases)).

A plaintiff need not establish a prima facie case in order to survive judicial screening under 28 U.S.C. § 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir.

2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

So, under Section 1915(e)(2)(B)(ii), the Court must ask whether Hall has provided enough facts to allege an actionable claim of either employment discrimination or retaliation. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if she "has not pled such facts," it is "proper[ to] dismiss her complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Hall has not pled "sufficient facts on all of the ultimate elements" required to allege plausible discrimination or retaliation claims. *Chhim*, 836 F.3d at 470. At best, her complaint only sets out a legal conclusion – that she "was also discriminated against for also being an African American female and an action was taken on me with corrective action and termination but actions were not taken the same with other females of other ethnicities and males." Dkt. No. 3, ¶ 4.12. And, because the

Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678, if Hall elects to file an amended complaint, she must allege enough facts to support all ultimate elements of a claim of employment discrimination or retaliation (if she intends to make either claim here).

Finally, some allegations in Hall's complaint could be liberally construed to assert a right to preliminary injunctive relief. *See, e.g.*, Dkt. No. 3, ¶¶ 9 & 10 (requesting a "Temporary Injunction").

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, Hall must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). So, to the extent that she seeks a preliminary injunction, Hall fails as to the first, substantial-likelihood element for the reasons explained above. The Court should therefore deny any

request for a preliminary injunction.

## Recommendation

The Court should deny any request for a preliminary injunction made by Plaintiff Amanda Hall and dismiss her complaint without prejudice to Hall's filing within a reasonable period of time to be set by the Court an amended complaint that cures, if and where possible, the deficiencies outlined above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE